[781 NYS2d 38]

In the Matter of RUSSELL G. CHEEK, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, July 12, 2004

## APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Michele Martino* of counsel), for petitioner.

*Russell G. Cheek*, Toms River, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

By corrected order of the Supreme Court of the State of New Jersey dated November 21, 2003, the respondent was suspended from the practice of law in that state for a period of three months, effective December 29, 2003, and until the further order of that court.

The respondent was found to have violated New Jersey Rules of Court, Rules of Professional Conduct 1.1 (a) (gross neglect), (b) (pattern of neglect); 1.3 (lack of diligence), 1.4 (a) (failure to communicate with client); 1.16 (d) (failure to turn over client files); 8.1 (b) (failure to cooperate with disciplinary authorities) and 8.4 (c) (conduct involving dishonesty, fraud, deceit, or misrepresentation).

The respondent submitted an answer, dated February 3, 2004, in which he noted that he withdrew the defenses he asserted in the New Jersey matter and accepted responsibility for his improper actions. Since the imposition of his three-month suspension, effective December 29, 2003, the respondent has not acted as an attorney in any jurisdiction, including New York. The respondent is complying with the New Jersey Rules of Court in order to timely resume his practice, subject to reinstatement by the Supreme Court of New Jersey on or after March 29, 2004. He contends that the imposition of any further discipline by this Court, particularly if such discipline would serve to impose any type of restriction on his ability to practice law in New York beyond his current suspension period, "would be to unfairly and/or unjustly compound the discipline that has already been imposed." Accordingly, the respondent requests that the Court impose neither further sanction nor discipline in connection with this matter.

The respondent has not requested a hearing in accordance with 22 NYCRR 691.3 (d).

We find that the patterns of neglect, failure to cooperate, and misrepresentations exhibited by the respondent warrant his suspension from the practice of law in New York for a period of one year based upon the discipline imposed upon him in New Jersey.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and CRANE, JJ., concur.

Ordered that the petitioner's motion is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, effective immediately, the respondent, Russell G. Cheek, is suspended from the practice of law for a period of one year, commencing immediately, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months before the expiration of the one-year period upon furnishing satisfactory proof that during that period he (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), and (3) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Russell G. Cheek, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).